**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
John R. Whitefleet, SBN 213301
350 University Ave., Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DARRYL RODERICK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA DOE, a fictitious name; CLARA DOE, a fictitious name, and "I.D." a fictitious name, by and through her next friend, MARIA DOE,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SACRAMENTO; SACRAMENTO COUNTY SHERIFF'S OFFICE; DARRYL RODERICK; JAGDEEP SINGH; individually and as administrator of the estate of Sushma Giri; V & N ASSOCIATES, LLC and ALIDA ESTRADA,<br><br>Defendants.<br>_____/ | CASE NO. 2:21-cv-01438-MCE-CKD<br><br>[~~PROPOSED~~]  STIPULATED PROTECTIVE ORDER |

**STIPULATION AND PROTECTIVE ORDER**

The Parties submit this proposed Protective Order, pursuant to Fed. R. Civ. P. 26(c), to resolve certain disputes related to the production of documents. The Parties anticipate that the following categories of documents will be designated as "Confidential" and protected by the terms herein:

1. County of Sacramento Sheriff's Department Tort Claim investigation and Sheriff's Department internal communication regarding same;

2. Training records of Deputy Darryl Roderick, to the extent such are produced;

  3. Personnel records of Deputy Darryl Roderick, to the extent such are produced.

**A. DEFINITIONS**

The following definitions shall apply to this Protective Order:

1. The "Action" shall mean and refer to the above-captioned matter and to all actions now or later consolidated with the Action, and any appeal from the Action and from any other action consolidated at any time under the above-captioned matter, through final judgment.

2. "Documents" or "Confidential Documents" shall mean the Documents that Defendants designate as "Confidential" in the manner set forth in this Protective Order.

3. "Confidential" shall mean information designated "Confidential" pursuant to this Protective Order. Information designated "Confidential" shall be information that is determined in good faith by the attorneys representing the Designating Party to be subject to protection pursuant to Fed. R. Civ. P. 26(c). Confidential Documents, material, and/or information shall be used solely for purposes of litigation. Confidential Information shall not be used by the non-Designating Party for any business or other purpose, unless agreed to in writing by all Parties to this action or as authorized by further order of the Court.

4. "County Defendants" shall mean DEFENDANTS COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DARRYL RODERICK.

5. "Property Defendants" shall mean JAGDEEP SINGH individually and as administrator of the estate of Sushma Giri; V & N ASSOCIATES, LLC; and ALIDA ESTRADA.

6. "Plaintiffs" shall mean MARIA DOE, a fictitious name; CLARA DOE, a fictitious name, and "I.D." a fictitious name, by and through her next friend, MARIA DOE.

7. "Parties" shall mean Plaintiffs and Defendants, identified above.

**B. TERMS OF THE PROTECTIVE ORDER**

IT IS HEREBY STIPULATED by, among and between the below-signed parties, that the Confidential Documents may be designated as "Confidential" and produced subject to the following Protective Order:

1. The Designating Party shall identify each Confidential Document at the time of production by the word "CONFIDENTIAL" on each qualifying page, at or near the location of the Bates stamp, or in the case of native files, in the file name. If only part of a document is designated

as "Confidential," the portion so designated may be identified in the margin or in an accompanying letter or memorandum.

2. The Confidential Documents shall be used solely in connection with the above captioned civil case, and in the preparation and trial of the case. The Parties do not waive any objections to the admissibility of the documents or portions thereof in future proceedings in this case, including trial.

3. The Confidential Documents may only be disclosed to the following persons:

(a) The Parties who have stipulated to this Proposed Protective Order and their attorneys;

(b) Paralegal, clerical, and secretarial personnel regularly employed by counsel referred to in subpart (a) immediately above, including stenographic deposition reporters or videographers and/or interpreters retained in connection with this action;

(c) Court personnel, including stenographic reporters or videographers and/or interpreters engaged in proceedings as are necessarily incidental to the preparation for the trial in the civil action;

(d) Any expert, consultant, or investigator retained in connection with this action, however, such persons must be advised of and abide by this protective order;

(e) The finder of facts at the time of trial, subject to the court's rulings on *in limine* motions and objections of counsel; and,

(f) Witnesses during their depositions in this action. If confidential documents are used in the deposition, the documents must be identified as "Confidential" and the portion of the deposition in which the documents are described should also be considered confidential. It will be the responsibility of the Designating Party to indicate the designation to the deposition reporter, either on the record, or if after the examination, in writing with the knowledge and consent of the Non-Designating Party.

4. If a party seeks to file a Confidential Documents with any motion or other pleading, the parties shall meet and confer as to whether any portion of the document may be redacted to avoid filing under seal. If the parties cannot agree as to whether filing under seal of the document or any portion thereof is appropriate, the challenge procedures in Paragraph 7 shall be followed.

5. Otherwise, a party may seek permission from the Court to file the Confidential

Documents under seal according to E.D. Cal. L.R. 141. If permission is granted, the Confidential Documents will be filed and served in accordance with E.D. Cal. L.R. 141. If the Court denies the application to file under seal, then the documents may be filed publicly and will be deemed timely filed as of the date of the application to seal.

6. The designation of the Confidential Documents as "Confidential" and the subsequent production thereof is without prejudice to the right of any party to oppose the admissibility of the Confidential Documents or information contained therein. A party or non-party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

7. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. The parties shall attempt to resolve each challenge to any document designated as confidential in good faith and the Challenging Party must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within seven (7) days of the date of service of notice, unless a different date is otherwise agreed to. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner. If the Parties cannot resolve a challenge without Court intervention, the Designating Party shall file and serve a motion for protective order pursuant to Fed. R. Civ. P. 26(c) and E.D. Cal. L.R. 251 within twenty-one (14) days of the initial notice of challenge or within seven (7) days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier, unless a different date is otherwise agreed to. Failure by the Designating Party to make such a timely motion shall automatically waive the "Confidential" designation for each challenged designation. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the

level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

8. Notwithstanding the provisions of Paragraph 3, the Confidential Documents and information contained therein may not be delivered, exhibited or otherwise disclosed to any reporter, writer or employee of any trade publication, newspaper, magazine or other media organization, including but not limited to radio and television media.

9. Should the Confidential Documents or any information contained therein be disclosed, through inadvertence or otherwise, to any person not authorized to receive it under this Protective Order, the disclosing person(s) shall promptly (a) inform counsel for the Plaintiffs of the recipient(s) and the circumstances of the unauthorized disclosure to the relevant producing person(s) and (b) use best efforts to bind the recipient(s) to the terms of this Protective Order.

10. The Confidential Documents shall not lose its confidential status because it was inadvertently or unintentionally disclosed to a person not authorized to receive it under this Protective Order.

11. After the conclusion of this litigation, the Confidential Documents will remain confidential. "Conclusion" of this litigation means a termination of the case following a trial, settlement, or dismissal of the Action with prejudice for any other reason.

12. This Stipulated Protective Order shall remain in full force and effect and shall continue to be binding on all parties and affected persons until this litigation terminates, subject to any subsequent modifications of this Stipulated Protective Order for good cause shown by this Court or any Court having jurisdiction over an appeal of this action. Upon termination of this litigation, the parties agree the Stipulated Protective Order shall continue in force as a private agreement between the parties.

13. During the pendency of this lawsuit, the Court shall (a) make such amendments, modifications and additions to this Protective Order as it may deem appropriate upon good cause shown; and, (b) adjudicate any dispute arising under it as it may deem appropriate.

**IT IS SO STIPULATED.**

Respectfully submitted,

| | |
|---|---|
| Dated: December 27, 2022 | PORTER SCOTT<br>A PROFESSIONAL CORPORATION<br><br>By _____<br>    John R. Whitefleet<br>    Attorneys for Defendants County of Sacramento, Sacramento County Sheriff's Office, and Darryl Roderick |
| Dated: December 27, 2022 | CALIFORNIA RURAL LEGAL ASSISTANCE FOUNDATION<br><br>_____<br>Ezra Kautz<br>Attorneys for Plaintiffs |
| Dated: December 27, 2022 | BREMER WHYTE BROWN & O'MEARA LLP<br><br>_____<br>Attorneys for Defendants Jagdeep Singh the Estate of Sushma Giri |

### ORDER

Pursuant to the above stipulation, and good cause appearing it is so ORDERED.

Dated: December 27, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.doe21cv1438.stip.po

STIPULATED PROTECTIVE ORDER