UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA DOE, et al, | 2:21-cv-01438-MCE-CKD |
| Plaintiffs, | |
| v. | <u>ORDER</u> |
| COUNTY OF SACRAMENTO, et al., | |
| Defendants. | |

Plaintiffs' motion to compel (ECF No. 40) is before the court. After review of the parties' joint statement on the discovery dispute (ECF No. 42), the court finds oral argument to be unnecessary. Accordingly, the hearing scheduled for March 15, 2023 will be vacated. For the reasons set forth below, the undersigned will grant, in part, the motion.

## I.     Background

As relevant to the current motion, the plaintiffs allege they were coerced by Sacramento County Sheriff's Deputy Darryl Roderick into vacating their apartment without legal process. (ECF No. 42 at 5.) Plaintiffs allege Roderick demanded plaintiff Maria Doe "speak English," refused to provide interpretation, and used threats of force to illegally evict the plaintiffs. (<u>Id.</u>) The defendants who oppose this motion deny that Roderick effected an eviction and allege the plaintiffs moved out of the space after apparently reaching an agreement with Defendant Estrada,

1

the person who had illegally sublet the living space to plaintiffs in violation of a lease with the property owner. (Id. at 6.)

The second amended complaint asserts cause of action against the County Defendants for wrongful eviction; deprivation of property without due process of law under 42 U.S.C. § 1983 (as to Roderick); intentional discrimination under Title VI of the Civil Rights Act of 1964; interference with rights by threats, intimidation, and coercion in violation of the Bane Act, Cal. Civ. Code § 52.1; discrimination in housing in violation of the Unruh Act, Cal. Civ. Code § 51; discrimination on the basis of national origin in violation of Cal. Gov. Code § 11135; negligence; and mandamus. (ECF No. 32.) On September 15, 2022, the court granted in part defendants' motion to dismiss. The court dismissed municipal liability claims against the County and the Sheriff's Office and denied the motion to dismiss on all other counts. (ECF No. 34.)

Through this motion, plaintiffs seek to compel defendants County of Sacramento, Sacramento Sheriff's Office, and Darryl Roderick (collectively, "defendants") to produce documents responsive to plaintiffs' Request for Production of Documents, Set One. Plaintiffs seek further production to their requests numbered 11, 12, 14, 15, 19, 20, 21, 22, and 23, as set forth below.

**II.    Legal Standards**

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. …

Fed. Rule Civ. P. 26(b)(1).

"A party may serve on any other party a request within the scope of Rule 26(b)… to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control[.]" Fed. R. Civ. P. 34(a).

When a party fails to provide discovery and the parties' attempts to resolve the dispute without court intervention are unsuccessful, the opposing party may seek an order compelling that discovery. Fed. R. Civ. P. 37(a). "The party seeking to compel discovery has the burden of

establishing that its request satisfies the relevancy requirements of Rule 26(b)(1)." <u>Louisiana Pac.</u>

<u>Corp. v. Money Mkt. 1 Institutional Inv. Dealer</u>, 285 F.R.D. 481, 485 (N.D. Cal. 2012) (citing

<u>Soto v. City of Concord</u>, 162 F.R.D. 603, 610 (N.D. Cal. 1995). In turn, the party opposing the

discovery "has the burden of showing that discovery should not be allowed, and also has the

burden of clarifying, explaining and supporting its objections with competent evidence." <u>Id.</u>

(citing <u>DIRECTV, Inc. v. Trone</u>, 209 F.R.D. 455, 458 (C.D. Cal. 2002)).

### III.    Discussion

#### A.  Personnel Records (Requests 14 & 15)

<u>Request No. 14</u>

All DOCUMENTS relating to training RODERICK.

<u>Request No. 15</u>

All DOCUMENTS relating to RODERICK's personnel file, including but not limited to hiring,

change in position, performance, complaints, and discipline records.

<u>Ruling</u>

Defendants produced a responsive timeline of Roderick's employment and a printout of

trainings administered by the Commission on Peace Officer Standards and Training ("POST").

(ECF No. 42 at 30.) Plaintiffs seek additional training records (such as "policy training morning

events"), performance records, and disciplinary records not yet produced. (<u>Id.</u>)

Defendants indicated there were no additional "demotion or disciplinary records" being

withheld. (ECF No. 42 at 29.) Defendants argue these requests should be limited further because

"firearms, force, and a whole of the ordinary training provided to deputies is not relevant to this

case." (<u>Id.</u> at 31.)

Defendants' objections[1] based on relevance and scope are overruled. Personnel files,

including training records, are discoverable in cases in federal court where officers are alleged to

have violated a plaintiff's constitutional rights. <u>See, e.g.</u>, <u>Garrett v. City & County of San</u>

---

[1] Not all of defendants' initial objections to the requests at issue in this motion were maintained in the joint statement. Objections asserted in discovery responses but not raised in briefing are waived. <u>See</u> <u>Bingham v. Marriott Int'l, Inc.</u>, No. 821CV00836JLSJDEX, 2022 WL 886116, at *3 (C.D. Cal. Feb. 17, 2022).

<u>Francisco</u>, 818 F.2d 1515, 1519, n.6 (9th Cir. 1987) ("personnel files are discoverable in federal question cases, including Title VII actions, despite claims of privilege"); <u>Soto v. City of Concord</u>, 162 F.R.D. 603, 615 (N.D. Cal. 1995) (personnel files of defendant-officers in excessive force cases contain a variety of relevant information, and are discoverable). Roderick's personnel file and any additional training records, performance records, and disciplinary records that have not been produced are within the scope of discovery for plaintiffs' claims. Thus, the motion to compel is granted as to Requests 14 and 15.

**B. Call Records and Use of Interpretation Services (Requests 11, 12, 19, and 20)**

<u>Request No. 11</u>

All DOCUMENTS relating to RODERICK using interpretation or translation services from any source, including but not limited to a professional interpretation service, SHERIFF'S OFFICE personnel, or a member of the public.

<u>Request No. 12</u>

All DOCUMENTS relating to any call records involving RODERICK which involve or refer to language interpretation or translation, including but not limited to records showing the terms "interpret," "interpretation," "translate," "translation," "language," "English," or "Spanish."

<u>Request No. 19</u>

DOCUMENTS sufficient to show all SHERIFF'S OFFICE dispatch or patrol calls during which officers requested or [utilized] interpretation or translation, including the type of call, the location, the district, and the type of interpretation or translation employed.

<u>Request No. 20</u>

All DOCUMENTS relating to any call records involving SHERIFF'S OFFICE patrol or field officers which refer to language interpretation or translation, including but not limited to records showing the terms "interpret," "interpretation," "translate," "translation," "language," "English," or "Spanish."

<u>Ruling</u>

In Request 12, plaintiffs seek CAD records specific to Deputy Roderick relating to language interpretation or translation. In the broader Request 20, plaintiffs seek these documents

as to the entirety of the sheriff's office. Plaintiffs argue these records are relevant to learn the prevalence of calls involving limited English proficiency persons and the adequacy—or inadequacy—of defendants' response, as relevant to plaintiffs' discrimination claims under Title VI and Section 11135. (ECF No. 42 at 8-9.) In meet and confer, plaintiffs agreed to limit these requests to the time period April 7, 2015 to present. (Id. at 17.)

As to Requests 12 and 20, defendants argue a lack of relevance and, specifically, that the material sought would not tend to show intentional discrimination as required for a Title VI claim. (ECF No. 42 at 11 & 17.) As defendants recognize, though, plaintiffs also proceed on a state law claim under California Government Code section 11135, which prohibits discrimination "under[ ] any program or activity that … receives any financial assistance from the state." Defendants do not argue that the state law claim requires proof of intentional discrimination, as opposed to a disparate impact. Accordingly, defendants' relevance objections are overruled as to Requests 12 and 20.

As to Requests 19 and 20, defendants argue that producing the computer-aided dispatch ("CAD") reports as requested would be burdensome due to necessary redaction. (ECF No. 42 at 13.) Defendants also state the parties' protective order currently in effect would be insufficient to protect sensitive private information related to the ongoing prosecution of crimes. (Id.) However, defendants offer no specific evidence of undue burden or expense. Defendants also do not support their claim that the protective order would not adequately protect sensitive information with any further argument or evidence. Defendants do not meet their burden of clarifying, explaining, and supporting their objections with competent evidence.

Defendants argue Requests 19 and 20 seek the same records, just worded in a slightly different way. (ECF No. 42 at 25.) Plaintiffs do not claim they seek any different documents. The court will grant the motion to compel as to Request 12 and Request 19, with its specific search terms, both limited to the time period April 7, 2015 to present. To the extent Request 20 is duplicative, the motion to compel is denied.

Request 11 seeks the same documents as Request 12 but is broader in that it is not limited to call records. Although defendants argue Request 11 forces them to speculate as to which

1    documents it addresses, the request can reasonably be construed as seeking documents reflecting

2    Roderick's use of interpretive services, as defendants themselves describe it, from any source.

3    (See id. at 25.) Thus, the motion to compel is granted as to Request 11, limited to the time period

4    April 7, 2015 to present.

5       **C. Further Use of Interpretation Services Request (Request 21)**

6       Request No. 21

7    All DOCUMENTS relating to COMMUNICATION by or from SHERIFF'S OFFICE patrol or

8    field officers relating to interpretation or translation.

9       Ruling

10       Like Requests 19 and 20, plaintiffs state this request seeks records that show "how and

11    when Sheriff's Office field officers make use of interpretation services" as relevant to plaintiffs'

12    language access-based discrimination claims under Title VI and Section 11135. (ECF No. 42 at

13    24.) Plaintiffs agreed to limit the scope to the time period April 7, 2015 to present. (Id.)

14       Defendants argue seeking office-wide communications "regarding interpretations or

15    translations" is simply too broad or unintelligible, and not relevant to the claims. (Id. at 25.) The

16    court finds the request somewhat vague as to the types of documents sought and plaintiffs do not

17    explain what they seek that is not duplicative of other requests. On the other hand, defendants,

18    rather than plaintiffs, may be in a better position to know the types of documents that show the

19    information sought, or if there are none. The motion to compel is granted in that defendants shall

20    reasonably construe Request 21 as seeking documents showing "how and when Sheriff's Office

21    field officers make use of interpretation services," limited to the agreed-upon time period.

22       **D. Charges for Interpretation Services (Request 22)**

23       Request No. 22

24    All DOCUMENTS relating to the use of or charges for interpretation services by SHERIFF'S

25    OFFICE patrol officers.

26       Ruling

27       Defendants produced the contracts for interpretation services as responsive to Request 22.

28    (ECF No. 42 at 24.) Defendants argue it is unclear what, further, plaintiffs seek. (Id. at 25.)

1   Plaintiffs do not elaborate on what, further, they seek, but state they never agreed to limit their

2   request to simply contracts and that they have repeatedly agreed to more time for defendants to

3   ascertain what documents exist.

4          The court is inclined to grant—at least in part—the motion to compel as to this request.

5   However, the court is not satisfied that adequate meet and confer has occurred. The parties shall

6   promptly meet and confer regarding the types of documents plaintiffs seek and whether plaintiffs

7   will narrow or limit the scope of the request. Defendants shall make a good faith effort to

8   ascertain what documents exist and shall produce responsive documents or a statement that no

9   further responsive documents exist with explanation of the search undertaken.

10          **E.  Other Complaints (Request 23)**

11          Request No. 23

12   All DOCUMENTS relating to [any] complaint or claim against the SHERIFF'S OFFICE based

13   on lack of interpretation or involving an individual who was unable to communicate with the

14   SHERIFF'S OFFICE due to limited English proficiency.

15          Ruling

16          Plaintiffs seek records that will show officers' failures to provide interpretation during the

17   period from April 7, 2015 to present. (ECF No. 42 at 27.) Plaintiffs state they assume these

18   requested records are stored in computer files subject to electronic search. (Id. at 28.)

19          Defendants respond that the request is patently burdensome because it is directed to the

20   entire sheriff's office. (ECF No. 42 at 28.) Defendants also argue the complaints plaintiffs seek

21   are not both electronically maintained and searchable in the manner that plaintiffs assume. (See

22   id.)

23          The court is inclined to grant in part the motion to compel as to this request. In assessing

24   reasonableness, though, some courts have limited the time frame of similar requests to three to

25   five years before the events at issue. See, e.g., Bates v. King County, No. C05-1348RSM, 2007

26   WL 1059108, at * 3 (W.D. Wash. April 6, 2007) (limiting request for prior citizen complaints to a

27   period of three years). Here, plaintiffs agreed to limit the request to the time period from April 7,

28   2015 to present, which is a period of almost eight years. Plaintiffs present no legal or factual

arguments for the temporal scope of the request in light of defendants' claimed burden. On the other hand, defendants failed to submit any competent evidence to support their objection based on undue burden.

The court is not satisfied that adequate meet and confer has occurred as to this request. The parties shall promptly meet and confer and attempt to resolve the dispute. To the extent defendants continue to assert in good faith that searching for the requested documents is unreasonably burdensome, and to the extent plaintiffs do not agree to reduce the scope accordingly, the undersigned will be available for an informal telephonic conference. The parties are directed to the undersigned's case management procedures for informal telephonic conferences on discovery disputes, available on the court's website.

**F.  Request for Attorney Fees**

If the motion to compel is granted in part and denied in part, the court may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion. Fed. R. Civ. P. 37(a)(5)(C). Plaintiffs' request that defendants pay reasonable attorneys' fees is denied without prejudice at this time. The court will entertain a renewed request if further meet and confer efforts on the remaining disputes are unsuccessful.

**IV.  Order**

In accordance with the above, IT IS ORDERED:

1. The hearing on plaintiffs' motion to compel previously set for March 15, 2023 is vacated.

2. Plaintiffs' motion to compel is granted as to plaintiffs' Request for Production of Documents, Set One, Requests 11, 12, 14, 15, 19 and 21; within twenty (20) days of the date of this order, defendants shall provide responsive documents or a statement that no further responsive documents exist with an explanation of the search made.

3. In all other respects the motion to compel is denied at this time but the parties shall promptly meet and confer further as to Requests 19 and 23; the parties are directed to the undersigned's case management procedures for informal telephonic conferences on discovery disputes, available on the court's website.

4. Plaintiffs' request that defendants pay reasonable attorneys' fees is denied without prejudice to a renewed request if meet and confer efforts are unsuccessful.

Dated: March 10, 2023

_____

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.Doe.21cv1438.mtc