Verónica Meléndez (SBN 294106)
Ezra Kautz (SBN 330352)
Chelsea Lalancette (SBN 330207)
CALIFORNIA RURAL LEGAL ASSISTANCE FOUNDATION
2210 K Street, #201
Sacramento, CA 95816
Tel: (916) 446 7905
Fax: (916) 446 3057
vmelendez@crlaf.org
ekautz@crlaf.org
chelseal@crlaf.org

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA DOE, a fictitious name; CLARA DOE, a fictitious name; and "I.D.," a fictitious name, by and through her next friend, MARIA DOE;<br><br>   Plaintiffs,<br><br>   v.<br><br>COUNTY OF SACRAMENTO; SACRAMENTO COUNTY SHERIFF'S OFFICE; DARRYL RODERICK; JAGDEEP SINGH, individually and as administrator of the estate of Sushma Giri; V & N ASSOCIATES, LLC; and ALIDA ESTRADA,<br><br>   Defendants. | Case No.: 2:21-cv-01438-MCE-CKD<br><br>Hon. Carolyn K. Delaney<br><br>**NOTICE OF MOTION AND MOTION FOR SANCTIONS AGAINST COUNTY DEFENDANTS**<br><br>**(L.R. 251; Fed. R. Civ. Pro. 37)**<br><br>Hearing Information:<br>Date: September 20, 2023<br>Time: 10:00 a.m.<br>Courtroom: 24<br>501 I St., 8th Fl., Sacramento, CA 95814 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on September 20, 2023, at 10:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Carolyn K. Delaney, in Courtroom 24 of the United States District Court for the Eastern District of California, 501 I St., Sacramento, CA 95814, or at such telephonic or video conference that the Court may order, Plaintiffs will and hereby does move the Court for an order for discovery sanctions against Defendants County of Sacramento and Sacramento County Sheriff's Office.

    This motion is made on fourteen (14) days' notice pursuant to Local Rule 251(e), and follows efforts by Plaintiffs' counsel to resolve these issues informally, as required by Local Rule 251(b).

    This motion is based upon the annexed Memorandum of Points and Authorities, the Declaration of Ezra Kautz and supporting exhibit, and all documents filed with the court.

Dated: September 6, 2023        CALIFORNIA RURAL LEGAL ASSISTANCE FOUNDATION

/s/ Ezra Kautz
Ezra Kautz

*Attorneys for Plaintiff*

# **TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES ....................................................... 1

I. INTRODUCTION ................................................................................................... 1

II. PROCEDURAL AND FACTUAL BACKGROUND ............................................. 2

III. ARGUMENT ........................................................................................................... 5

   A. Legal Standard .............................................................................................. 5

   B. Court Should Order Defendants to Produce Complete Electronic CAD Records that Match Keywords, Or Extraction by Third Party Service at Defendants' Expense ........................................................................................................ 6

   C. The Court Should Order Payment of Reasonable Attorney Fees ................. 7

IV. CONCLUSION ........................................................................................................ 8

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In this civil rights action based, in part, on failure to provide interpretation, Plaintiffs have been seeking discovery of records from Defendants Sacramento County Sheriff's Office("SCSO") and County of Sacramento (collectively "Defendants") relating to SCSO practices in providing limited English proficient persons access to services.

On March 10, 2023, the Court issued an order compelling Defendants to produce various documents, including specific search results from dispatch records relating to language access. (Dkt. 45.) The Court denied Plaintiffs' application for attorney fees without prejudice to renewal "if further meet and confer efforts on the remaining disputes are unsuccessful." (*Id.* at 8.)

In meeting and conferring, Defendants promised to comply with the order by producing these records, and did produce some documents within the stipulated extension: including partial, incomplete dispatch records.

However, despite repeated assurances, Defendants have not completed the production of dispatch records. In particular, Defendants have represented that they have produced only approximately half of the responsive records that have been within their attorney's possession since April. Of those produced, the documents are missing key fields such as district and officer. Rather than producing the ESI in a spreadsheet or database file, Defendants produced a PDF with no machine-readable formatting (centered text in borderless cells), and a watermark across the entire page, making analysis extraordinarily difficult. Most importantly, Defendants did not produce the complete incident text, only first line that matches the keyword. For example, while we can see when the dispatcher needed to use an interpreter to talk to a caller, we cannot see whether the dispatched field officer used one or not.

The practice of whether and how Sacramento deputies provide interpretation services when indicated is of central importance to Plaintiffs' claims under Title VI and FEHA. (*See* Second Amended Complaint, dkt. 32, at 17-20.) Given that the SCSO has no

written policy on the use of interpretation by field officers who are not arresting or detaining someone, and Defendants produced *zero* communications regarding interpretation or language access, these dispatch records may be the only documentary evidence to show these facts.

Therefore, Plaintiffs request that the Court enter an order imposing sanctions against Defendants: either Defendants produce the responsive ESI in spreadsheet format with all relevant fields included by a date certain, or Plaintiffs be allowed to employ a third party to extract the ESI from Defendants' computers, at Defendants' expense. In addition, Plaintiffs request an order that Defendants pay Plaintiffs' reasonable attorney fees as to this application as well as the previous motion to compel.

## II. PROCEDURAL AND FACTUAL BACKGROUND

Plaintiffs served their Requests for Production, Set One ("the RFP") on Defendants on March 28, 2022. (Kautz Decl. ¶ 4.) Among the requests were four that sought records of past calls for service maintained by the Sheriff's Office in its computer-aided dispatch ("CAD") system:

Request No. 10:

> All DOCUMENTS relating to any call records involving RODERICK which involve or refer to immigration status in any way, including but not limited to records showing the terms "immigrant," "undocumented," "illegal," or "immigration."

Request No. 12:

> All DOCUMENTS relating to any call records involving RODERICK which involve or refer to language interpretation or translation, including but not limited to records showing the terms "interpret," "interpretation," "translate," "translation," "language," "English," or "Spanish."

Request No. 19:

> DOCUMENTS sufficient to show all SHERIFF'S OFFICE dispatch or patrol calls during which officers requested or utilitized interpretation or translation, including the type of call, the location, the district, and the type of interpretation or translation employed.

Request No. 20:

> All DOCUMENTS relating to any call records involving SHERIFF'S OFFICE patrol or field officers which refer to language interpretation or translation, including but not limited to records showing the terms "interpret," "interpretation," "translate," "translation," "language," "English," or "Spanish."

On May 4, 2022, Defendants responded to the RFP and produced seven (7) pages of documents, none relating to the Sheriff's Office. (*Id.* ¶ 5.) Plaintiffs sent a detailed letter requesting to meet and confer on July 11, 2022, to which Defendants responded on August 4. (*Id.* ¶¶ 6-7.) The parties held a conference on August 15, clarifying the scope and meaning of each RFP and agreeing to a protective order. (*Id.* ¶ 8.) The parties further spoke by phone on August 23 and 26, 2022; September 6, 16, and 22, 2022; October 5, 2022; December 20, 2022; and January 6, 2023, and during each of these calls the parties discussed the status of production of dispatch records matching specific search terms, among other requests. (*Id.* ¶¶ 9-18.) On January 6, Defendants revealed that they had finally run the keyword searches through the Sheriff's Office CAD system, but did not produce anything. (*Id.* ¶ 17.)

On February 15, 2023, Plaintiffs moved this Court for an order compelling Defendants to produce several categories of documents, including CAD records. (Dkt. 40; *see also*, dkt. 42 ("the Joint Stipulation").) Plaintiffs also sought reasonable attorney fees in the amount of $8755.00. (Joint Stipulation, at 28.)

On March 10, 2023, the Court entered an order granting Plaintiffs' motion in part. (Dkt. 45 ("the Order to Produce").) As to the CAD records, the Court ordered Defendants to produce documents responsive to requests 12 and 19 (including the search terms specified in request 20) within twenty days of the order. (Order to Produce, at 6-7, 8.)[1]

---

[1] The Order to Produce did not rule on RFP request 10.

3
PLAINTIFFS' MOTION FOR SANCTIONS; MEMORANDUM IN SUPPORT

The Court denied Plaintiffs' request for attorney fees without prejudice to renewal "if further meet and confer efforts on the remaining disputes are unsuccessful." (Order to Produce, at 7.)

The parties met and conferred on March 29, 2023, and stipulated to an additional two weeks to produce records, including the CAD records. (Kautz Decl. ¶¶ 23-24; dkt. 46.) The parties spoke again on April 5, 2023; Defendants' counsel stated he had the CAD search results but needed additional time to redact. (*Id.* ¶ 26.) Plaintiffs' counsel stated that redaction was unnecessary due to the protective order, and also requested that any redaction be performed in the spreadsheet instead of converting the ESI to PDF. (*Id.*) Defendants rejected these requests. (*Id.*) Plaintiffs also requested that the production include all relevant fields for each CAD result, including code, officer, division, district, etc. (*Id.*)

On April 13, 2023, Defendants produced CAD records Bates stamped County000370-916. (Kautz Decl. ¶ 28.) Defendants' counsel represented that these were approximately half of the CAD records in his possession. (*Id.* ¶ 27.)

The records were produced as a PDF printout of a spreadsheet, with the following columns: "Call number" (5-6 digit number), "Last Updated On" (date), "Last Updated by Desk ID" (2-4 letter and number code), "Last Updated by Operator" (3-5 digit number), and "Remark" (text). (Kautz Decl. ¶ 29.) The table was printed with no borders between rows or columns, and the "Remark" text field was centered from top to bottom, making it difficult to discern where each row began and ended. Every page was stamped with a "Confidential" watermark in large font overwritten diagonally across the full page. Each "Call Number" was produced as a single row, with only one "Remark." (*Id.*) By comparison, the CAD record produced pursuant to a Public Records Act request before this lawsuit contains a series of text entries describing each stage of the Sheriff's Office response. (*Id.* ¶ 44, Exh. 1.)

On April 26, 2023, the parties discussed the outstanding CAD records, which Defendants promised to complete soon, and promised to follow up regarding the fields and remarks missing from the production. (Kautz Decl. ¶ 31.)

On June 9, 2023, the parties discussed the outstanding CAD records again, and Defendants' counsel indicated that he had obtained additional fields, including badge number, dispatched officer, and district. (Kautz Decl. ¶ 32.) Plaintiffs' counsel sent e-mails and left voice messages for Defendants' counsel on July 6, 25, and 27, and August 3, 16, and 18, with no response. (Kautz Decl. ¶¶ 33-36.) On August 18, the parties spoke, and Defendants promised to produce the remaining documents by the end of the month. (*Id.* ¶ 37.)

As of the date of this motion, Defendants have still not completed production of CAD records that have been in their attorney's possession since April. (Kautz Decl. ¶ 42.)

### III. ARGUMENT

#### A. Legal Standard

When a party "fails to obey an order to provide or permit discovery," Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure authorizes the Court to issue "further just orders" to sanction the disobedient party. Rule 37 contemplates the following types of orders:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Rule 37(b)(2)(A). A court has wide discretion to issue sanctions in its control of discovery. See *Jeff D. v. Otter*, 643 F.3d 278, 289 (9th Cir. 2011).

Similarly, the Local Rule 110 provides this Court wide latitude to impose "any and all sanctions authorized by statute or Rule or within the inherent power of the Court" for failure to comply with a Court order.

**B.    Court Should Order Defendants to Produce Complete Electronic CAD Records that Match Keywords, Or Extraction by Third Party Service at Defendants' Expense**

In this case, sanctions are appropriate. The Court ordered Defendants to produce the CAD records of incidents matching certain keywords, and Defendants have failed to do so. Defendants have only produced approximately half of the CAD records in their attorney's possession, and those are missing key fields as well as the incident notes that would allow Plaintiffs to actually see whether interpretation was provided when indicated.

Furthermore, although the Court rejected Defendants' privacy objections based on their failure to support their assertion that the existing protective order would be insufficient (*see*, Order to Produce, at 5), Defendants insisted on producing partial records in unscannable PDF form rather than spreadsheet or original format, ostensibly to enable redaction. (*See*, Adv. Comm. Note to 2006 Amendment to FRCP 34(b) ("If the responding party ordinarily maintains the information it is producing in a way that makes it searchable by electronic means, the information should not be produced in a form that removes or significantly degrades this feature."))

Because Defendants admittedly have the requested ESI in their possession, Plaintiffs request an order that Defendants produce all responsive CAD records, including all relevant fields[2] and all "remarks" associated with each record, in spreadsheet form, within fourteen (14) days. Defendants have not stated any reason why this would be

---

[2] Plaintiffs agree that complainant name, phone number, and incident address fields need not be produced.

technically difficult. If, for some reason, Defendants are unable to make this production, then Plaintiffs request an order that Defendants permit a third-party service to access the Sheriff's Office computer system to extract the CAD records, at Defendants' expense.

### C.     The Court Should Order Payment of Reasonable Attorney Fees

When a party has disobeyed a discovery-related order, the Court "must" order payment of expenses and reasonable attorney fees, "unless the failure [to comply] was substantially justified or other circumstances make an award of expenses unjust." Rule 37(b)(2)(C). The Ninth Circuit and the Supreme Court have offered guidance regarding the standard for establishing "substantial justification" sufficient for a disobedient party to avoid a discovery sanction. In *Hyde & Drath v. Baker*, 24 F.3d 1162 (9th Cir. 1994), the Ninth Circuit stated that "a good faith dispute concerning a discovery question might, in the proper case, constitute 'substantial justification'[.]" Id. at 1171 (internal quotations and citation omitted). The Supreme Court explained that the standard is "satisfied if there is a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotations and citations omitted). No showing of willfulness is required. *Lew v. Kona Hosp.*, 754 F2d 1420, 1427 (9th Cir. 1985).

Here, there is no good faith dispute regarding the Court's March 10, 2023 order. The Court considered and rejected Defendants' objections as to burden. Despite repeated extensions, Defendants simply failed to comply with the order. Therefore, the Court "must" order Defendants to pay Plaintiffs' reasonable attorney fees.

In addition, the Order to Produce denied Plaintiffs' application for attorney fees under Rule 37(a) without prejudice to renewal if the parties' further meeting and conferring was unsuccessful. In other words, the Court gave Defendants a second chance—but Defendants did not heed it. It is within the Court's authority under Rule 37(b) for "further just orders" to order Defendants to pay Plaintiffs' attorney fees caused by Defendants' earlier noncompliance.

Therefore, Plaintiffs request an order that Defendants pay reasonable attorney fees of **no less than $14,747.50**, exclusive of time to be spent in reply and attending the hearing on this motion. (Kautz Decl. ¶ 49.) This represent the $8755.00 previously sought in the motion to compel (20.6 hours at $425.00 per hour) plus an additional $5992.50 for meeting and conferring since then and preparation of this motion for sanctions (14.1 hours at $425.00 per hour). (*Id.* ¶¶ 45-47.) The requested rate of $425.00 per hour is reasonable for an attorney with more than 11 years of litigation experience. (*Id.* ¶ 51.) *See, e.g., Barbosa v. Cargill Meat Solutions Corp.,* 297 F.R.D. 431, 452 (E.D.Cal. July 1, 2013) (approving $700 rate for attorney with 8 years experience); *Gong-Chun v. Aetna Inc.*, No. 1:09-cv-01995-SKO, 2012 U.S. Dist. LEXIS 96828, at *62 (E.D. Cal. July 11, 2012) (awarding $475 per hour for 8 year associates).

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs request that the Court grant the motion in its entirety.

Dated: September 6, 2023          CALIFORNIA RURAL LEGAL ASSISTANCE FOUNDATION


/s/ Ezra Kautz
Ezra Kautz

*Attorneys for Plaintiffs*