1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARIA DOE, et al,

              Plaintiffs,

      v.

COUNTY OF SACRAMENTO, et al.,

              Defendants.

2:21-cv-01438-MCE-CKD

ORDER

Plaintiffs' motion to compel filed on November 8, 2023, and the parties' joint statement on the discovery dispute (ECF Nos. 68, 69) are before the court. The parties appeared for a hearing via videoconference on November 29, 2023. Ezra Kautz and Chelsea Lalancette appeared for the plaintiffs; John Whitefleet appeared for defendants County of Sacramento, Sacramento Sheriff's Office, and Darryl Roderick ("County defendants").

I.    **Background**

The plaintiffs in this action allege they were coerced into vacating their apartment without legal process by Sacramento County Sheriff's Deputy Darryl Roderick, who refused to provide interpretation. (ECF No. 69 at 6.)[1] The second amended complaint asserts causes of action against the County defendants for wrongful eviction; deprivation of property without due process of law

---

[1] Referenced page numbers in the parties' joint statement are those assigned by CM/ECF at the top of the page.

1   under 42 U.S.C. § 1983 (as to Roderick); intentional discrimination under Title VI of the Civil

2   Rights Act of 1964; interference with rights by threats, intimidation, and coercion in violation of

3   the Bane Act, Cal. Civ. Code § 52.1; discrimination in housing in violation of the Unruh Act, Cal.

4   Civ. Code § 51; discrimination on the basis of national origin in violation of Cal. Gov. Code §

5   11135; negligence; and mandamus. (See generally, ECF No. 32.) On October 19, 2022, the court

6   dismissed with prejudice municipal liability claims against the County and the Sheriff's Office.

7   (ECF No. 35.)

8          Through this motion, plaintiffs seek to compel the County defendants to produce

9   documents and provide further interrogatory responses. Defendants' responses to the following

10  discovery requests are at issue: Request for Production of Documents, Request Nos. 20, 32 & 33;

11  Interrogatory Nos. 3 & 4. (ECF No. 69.) Plaintiffs also ask the court to impose sanctions in the

12  form of reasonable attorney fees. (Id.)

13     **II.     Legal Standards**

14             Parties may obtain discovery regarding any nonprivileged matter that
               is relevant to any party's claim or defense and proportional to the
15             needs of the case, considering the importance of the issues at stake
               in the action, the amount in controversy, the parties' relative access
16             to relevant information, the parties' resources, the importance of the
               discovery in resolving the issues, and whether the burden or expense
17             of the proposed discovery outweighs its likely benefit. …

18  Fed. Rule Civ. P. 26(b)(1).

19          When a party fails to provide discovery and attempts to resolve the dispute without court

20  intervention are unsuccessful, the opposing party may seek an order compelling that discovery.

21  Fed. R. Civ. P. 37(a). "The party seeking to compel discovery has the burden of establishing that

22  its request satisfies the relevancy requirements of Rule 26(b)(1)." Louisiana Pac. Corp. v. Money

23  Mkt. 1 Institutional Inv. Dealer, 285 F.R.D. 481, 485 (N.D. Cal. 2012) (citing Soto v. City of

24  Concord, 162 F.R.D. 603, 610 (N.D. Cal. 1995). In turn, the party opposing the discovery "has

25  the burden of showing that discovery should not be allowed, and also has the burden of clarifying,

26  explaining and supporting its objections with competent evidence." Id. (citing DIRECTV, Inc. v.

27  Trone, 209 F.R.D. 455, 458 (C.D. Cal. 2002)).

28  ////

                                                 2

### III.    Discussion

#### A.    Search Results for Calls by Field Officers Involving LEP Person

Request No. 20

> All DOCUMENTS relating to any call records involving SHERIFF'S OFFICE patrol or field officers which refer to language interpretation or translation, including but not limited to records showing the terms "interpret," "interpretation," "translate," "translation," "language," "English," or "Spanish."

This request was the subject of a prior motion to compel which resulted in a court order for the parties to meet and confer further and for defendants to provide responsive documents relating to calls for service involving members of the public who have limited English proficiency ("LEP"). (See ECF No. 45 at 4-5, 8.) Following further meet and confer, the County defendants eventually produced computer-aided dispatch ("CAD") search results for the years 2015-2023 in electronic format. The records produced include the notes from the entry that triggered the search term result, but not all notes and remarks for each matching CAD record. (See ECF No. 69 at 3-6, 9, 11-12.)

Defendants argue the burden is not reasonably proportional to the needs of the case because their understanding is that it would require locating and pulling each CAD report separately for more than 50,000 entries. However, plaintiffs offered to engage an expert technician if necessary to extract the data.

As plaintiffs argue, the court already ruled the CAD records are discoverable, and the court already ordered their production. The prior order to provide responsive documents relating to calls for service involving LEP persons encompasses the full notes for each CAD report as opposed to only the notes from the entry that triggered the search term result. In addition, the parties have entered into a protective order to address defendants' privacy concerns, and plaintiffs indicate the expert technician can sign whatever protective order is necessary.

The motion to compel is granted as to Request No. 20. Defendants shall either provide the responsive CAD records with full notes/remarks to plaintiffs in electronic form or shall make the database available to plaintiff's expert technician to extract the full CAD records pertaining to the relevant entries.

1    **B.    Records Showing Federal and State Funding to Sheriff's Office**

2    Interrogatory No. 3

3         List all grants, awards, financial support, or other instances of
     funding from the U.S. federal government covering the activities of
4    the SHERIFF'S OFFICE, and for each, state source agency,
     activities covered, and the time period of activities covered.
5

6    Interrogatory No. 4

7         List all grants, awards, financial support, or other instances of
     funding from the State of California, or any state agency, covering
     the activities of the SHERIFF'S OFFICE, and for each, state source
8    agency, activities covered, and the time period of activities covered.

9    Request No. 32

10        All DOCUMENTS relating to funding or financial agreements
     between DEFENDANTS and any federal agency, where such
11   funding or agreements relates to the SHERIFF'S OFFICE, including
     but not limited to all assurances of compliance with civil rights
12   requirements.

13   Request No. 33

14        All DOCUMENTS relating to funding or financial agreements
     between DEFENDANTS, on the one part, and the State of California
15   or any state agency, on the other, where such funding or agreements
     relates to the SHERIFF'S OFFICE.
16

17        Plaintiffs argue that this category of discovery is relevant to federal and state funding

18   directed towards operations of the Sheriff's Office, which are elements of their claims under Title

19   VI and Cal. Gov. Code § 11135, respectively. (ECF No. 69 at 18.) Plaintiffs argue they anticipate

20   defendants will attempt to negate these elements by arguing a lack of state or federal funding

21   specifically directed to language access. (Id. at 19.) Defendants argue the requests are not limited

22   to type of grant, name, or year, and thus are not sufficiently relevant or reasonably proportional to

23   the needs of the case. (Id. at 21.) Defendants argue that establishing the mere fact of federal

24   funding as of the date of the incident on April 7, 2020, through a simple request for admission,

25   should suffice. (Id.)

26        Interrogatory No. 3 and Interrogatory No. 4 seek relevant information and defendants

27   have not put forth a persuasive argument why they cannot respond, limited to an appropriate time

28   period. The motion to compel is granted in part as to Interrogatory No. 3 and Interrogatory No. 4,

4

1    with the applicable time period limited to the years 2015-2023.

2            The motion to compel is also granted in part as to Request No. 32 and Request No. 33,

3    with the applicable time period limited to the years 2015-2023. Concurrently, the parties are

4    ordered to meet and confer further. Plaintiffs have indicated they are willing to narrow the

5    requests and plaintiffs are encouraged to do so. Within 7 days, the parties shall meet and confer

6    regarding what plaintiffs need to attempt in good faith to narrow the requests. Defendant shall

7    either provide responsive documents to Request No. 32 and Request No. 33, for the years 2015-

8    2023, or as narrowed further following additional meet and confer. In the alternative, the parties

9    are encouraged to negotiate an appropriate stipulation or admission that would eliminate

10   plaintiffs' need for the requested documents and/or interrogatory responses.

11   **IV.    Conclusion and Order**

12           The court reserves ruling on plaintiffs' request for sanctions in the November 8, 2023,

13   motion until the conclusion of the further briefing schedule set forth in the minutes for the motion

14   hearing held on November 29, 2023. (See ECF No. 71.)

15           In accordance with the above, IT IS ORDERED as follows:

16       1.  Plaintiffs' motion to compel (ECF No. 68) is granted.

17       2.  As to Request No. 20, defendants shall either provide the responsive CAD records in

18           electronic form with all notes and remarks or shall make the database available to

19           plaintiff's expert technician to extract the full records pertaining to the relevant entries.

20       3.   Defendants shall respond further to plaintiffs' Interrogatory Nos. 3 & 4 within thirty

21           (30) days of the date of this order.

22       4.  Within seven (7) days, the parties shall meet and confer further regarding Request No.

23           32 and Request No. 33.

24   Dated:  December 1, 2023

25                                                   _____
                                                     CAROLYN K. DELANEY
26                                                   UNITED STATES MAGISTRATE JUDGE

27   8.Doe.21cv1438.mtc2

28

5