UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA DOE, a fictitious name; CLARA DOE, a fictitious name, and "I.D.," a fictitious name, by and through her next friend, MARIA DOE,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SACRAMENTO; SACRAMENTO COUNTY SHERIFF'S OFFICE; DARRYL RODERICK; JAGDEEP SINGH, individually and as administrator of the Estate of Sushma Giri; V & N ASSOCIATES, LLC; and ALIDA ESTRADA,<br><br>Defendants. | No. 2:21-cv-01438-MCE-CKD<br><br>**ORDER** |

By way of the present action, Plaintiffs seek to recover from various Defendants, including the County of Sacramento ("County"), for injuries sustained when she and her children were purportedly coerced to leave their apartment by a Sheriff's Deputy without legal process or an interpreter.  Presently before the Court is the County's Motion for Reconsideration (ECF No. 74) of the Magistrate Judge's order granting Plaintiffs' Motion to Compel (ECF No. 72) requiring the County to produce over 50,000 CAD reports or to allow Plaintiffs' expert to access the system to conduct their own search.  For the following reasons, that Motion is DENIED.[1]

---

[1] Because oral argument would not be of material assistance, the Court ordered this matter

1

In reviewing a magistrate judge's determination, the assigned judge shall apply the "clearly erroneous or contrary to law" standard of review set forth in Local Rule 303(f), as specifically authorized by Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A).  Under this standard, the Court must accept the Magistrate Judge's decision unless it has a "definite and firm conviction that a mistake has been committed." Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for So. Cal., 508 U.S. 602, 622 (1993) (internal quotation marks and citation omitted).  If the Court believes the conclusions reached by the Magistrate Judge were at least plausible, after considering the record in its entirety, the Court will not reverse even if convinced that "it would have weighed the evidence differently." Phoenix Eng. & Supply Inc. v. Universal Elec. Co., Inc., 104 F.3d 1137, 1141 (9th Cir. 1997) (internal quotation marks and citations omitted).

After reviewing the entire file, this Court finds that the Magistrate Judge's order was not clearly erroneous.  The Magistrate Jude had already determined in a previous ruling that the evidence Plaintiffs are seeking, CAD reports, is relevant.  That ruling became final months before the County filed the instant motion and it is not subject to reconsideration.  See E.D. Cal. Local Rule 303(b). Regardless, the Court agrees that those records are indeed relevant, not just because they exist, but because of their content.

Accordingly, the County resorts to arguing that the production ordered is not reasonably proportional to the needs of the case and that it would be overly burdensome.  But all of that was considered by the Magistrate Judge.  While the Court understands that the parties are trying to manage a massive amount of electronic information, Plaintiffs have specifically offered to have their own expert work toward extracting the necessary data, and the County must have access to third parties capable of handling this as well.  Finally, it is counterintuitive to the Court that the County should

---

submitted on the briefs.  See E.D. Cal. Local R. 230(g).

be able to rely on its own system shortcomings (e.g., unable to produce electronic data) to avoid its discovery obligations, especially in a time when the production of ESI is routine. In any event, the Magistrate Judge did not clearly err in rejecting the County's arguments as to proportionality and burden. The County's Motion (ECF No. 74) is thus DENIED.

IT IS SO ORDERED.

Dated:  April 12, 2024

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE