UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA DOE, et al, | 2:21-cv-01438-MCE-CKD |
| Plaintiffs, | |
| v. | ORDER |
| COUNTY OF SACRAMENTO, et al., | |
| Defendants. | |

In granting most of plaintiffs' February 15, 2023, motion to compel and its November 8, 2023, motion to compel, the court reserved ruling on the requests for sanctions in the form of attorney fees under Rule 37 of the Federal Rules of Civil Procedure. Plaintiffs request a total of $22,525.00 for 53 hours worked at an hourly rate of $425.00. For the reasons set forth below, the court orders defendants County of Sacramento, Sacramento Sheriff's Office, and Darryl Roderick ("defendants") to pay a total of $11,645.00 ($3,825.00 + $7,820.00) in attorney fees to plaintiffs' counsel.

I.      **Background**

The plaintiffs in this action allege they were coerced into vacating their apartment without legal process by Sacramento County Sheriff's Deputy Darryl Roderick, who refused to provide interpretation. (ECF No. 69 at 6.) Plaintiffs proceed on the second amended complaint with

1

claims against the County defendants for wrongful eviction; deprivation of property without due process of law under 42 U.S.C. § 1983 (as to Roderick); intentional discrimination under Title VI of the Civil Rights Act of 1964; interference with rights by threats, intimidation, and coercion in violation of the Bane Act, Cal. Civ. Code § 52.1; discrimination in housing in violation of the Unruh Act, Cal. Civ. Code § 51; discrimination on the basis of national origin in violation of Cal. Gov. Code § 11135; negligence; and mandamus. (See generally, ECF No. 32.)

On February 15, 2023, plaintiffs filed the initial motion to compel at issue here. (ECF No. 40.) The parties filed a joint statement, and the court granted the motion to compel in part. (ECF Nos. 42, 45). Defendants were ordered to produce responsive documents, including computer-aided dispatch ("CAD") reports. The court ordered the parties to meet and confer further on some of the other disputes. (Id. at 8.) Plaintiffs requested attorney fees in connection with the February 15, 2023, motion to compel; the court denied the request without prejudice to renewal if meet and confer efforts were unsuccessful (Id. at 9.)

On August 28, 2023, the court held an informal telephonic discovery conference during which the undersigned and the parties discussed the ongoing disputes regarding plaintiffs' request for production of documents. (ECF No. 54.) On September 12, 2023, the court held an in-person hearing further addressing ongoing disputes pertaining to the issues raised in the February 15, 2023, motion to compel. (ECF No. 56.)

Plaintiffs filed a second motion to compel on November 8, 2023. (ECF No. 68.) A portion of this motion to compel addressed the same CAD reports defendants were ordered to produce in connection with the February 15, 2023, motion to compel. Plaintiffs requested attorney fees and renewed their prior request for attorney fees. (Id.) The parties filed a joint statement on the discovery dispute (ECF No. 69) and appeared via videoconference for a hearing on November 29, 2023 (ECF No. 71). On December 1, 2023, the court granted the motion in part, ordered the parties to meet and confer further on some of the requests, and reserved ruling on plaintiffs' request for sanctions. (ECF No. 72.) As to the requested CAD reports which were the subject of the prior motion to compel, the court granted the motion and ordered defendants to produce the CAD reports with full notes or allow the plaintiffs' expert access to search for the relevant reports

with full notes. (Id. at 3.) Pursuant to defendants' request, the parties were permitted to submit supplemental briefing on plaintiffs' request for monetary sanctions in the form of attorney fees. (ECF No. 73, 76.)

Defendants moved for reconsideration of the order granting the November 8, 2023, motion to compel. (ECF No. 74.) On April 15, 2024, the motion for reconsideration was denied. (ECF No. 85.)

## II.     Legal Standards

If a motion to compel is granted, the court must, after giving an opportunity to be heard, require the party whose conduct necessitated the motion or its attorney to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. Fed. R. Civ. P. 37(a)(5)(A). However, the court must not order payment of expenses if the movant did not attempt in good faith to obtain discovery without court action, the opposing party's nondisclosure, response, or objection was substantially justified, or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). If the motion is granted in part and denied in part, the court may apportion reasonable expenses for the motion. Fed. R. Civ. P. 37(a)(5)(C). Rule 37 also provides for separate or additional sanctions for failure to comply with a court's discovery order. Fed. R. Civ. P. 37(b); Quadrozzi v. City of New York, 127 F.R.D. 63, 73 (S.D. N.Y. 1989) ("Rule 37(b) provides for sanctions against parties who unjustifiably resist discovery."); see also Liew v. Breen, 640 F.2d 1046, 1051 (9th Cir. 1981).

"The party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting those hours and the rate claimed." Welch v. Metro. Life Ins. Co., 480 F.3d 942, 945-46 (9th Cir. 2007). Under the "lodestar" approach for assessing reasonable attorney's fees, the number of hours reasonably expended is multiplied by a reasonable hourly rate. Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 978 (9th Cir. 2008). A reasonable hourly rate is determined by identifying the relevant legal community (the forum where the district court sites) and the prevailing market rate in that community for similar services by lawyers of reasonably comparable skill. Id. at 979-81; see also Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 69-70 (9th Cir. 1975).

### III. Discussion

Plaintiffs request a total of $22,525.00 for 53 hours worked at an hourly rate of $425.00. (ECF No. 69 at 23; ECF No. 76 at 8-9.) This request includes fees for three categories of matters:

(1) Plaintiffs renew their February 15, 2023, application for attorney fees, as the court allowed in the March 10, 2023, order denying that application without prejudice.

(2) Plaintiffs seek attorney fees under Rule 37(b)(2)(C) for defendants' noncompliance with the March 10, 2023, order, including but not limited to the CAD data.

(3) Plaintiffs seek attorney fees under Rule 37(a)(5) as to defendants' refusal to comply with Interrogatories 3-4 and RFP Nos. 32-33 regarding funding sources, at issue in the November 8, 2023, motion to compel.

(ECF No. 76 at 5.)

To begin, the hourly rate of $425.00 requested by plaintiffs' attorney is reflective of the prevailing market rate within the Eastern District of California, Sacramento Division, for similar services by lawyers of reasonably comparable skill. The requested rate is a reasonable hourly rate.

Turning to the hours claimed, the court will not award fees for review of discovery responses, including supplemental discovery responses. This time was required to be expended whether or not a motion to compel was filed. Some of the communication with defendants' counsel is also non-compensable. "[F]ees associated with the initial meet and confer process logically should not always be included in a fee award." RG Abrams Ins. v. L. Offs. of C.R. Abrams, No. 2:21-CV-00194-FLA-MAA-X, 2021 WL 4974050, at *19 (C.D. Cal. July 8, 2021) (citing collected cases). "[A] fee award may be proper where a party fails to participate in a good faith meet-and-confer, or otherwise obstructs the resolution process." Id.

In the renewed application on the February 15, 2023, motion to compel, plaintiffs seek $8,755.00 in attorney fees for 20.6 hours of time expended. (See ECF No. 69-1 at 8-10.) The court declines to award fees for the initial 5 hours expended on review of discovery responses, research on objections, and drafting the initial meet and confer letter. The court will award full expenses for the 7 hours expended on tasks related to drafting the joint stipulation. The court will also award fees for 2 hours out of the 9.6 hours expended on further meet and confer and

communication with defendants' counsel in connection with this motion. Thus, the court orders defendants to pay attorney fees in the amount of $3,825.00 for 9 hours of work in connection with the February 15, 2023, motion to compel.

Plaintiffs seek $13,770.00 ($11,007.50 + $2,762.50) in attorney fees associated with the November 8, 2023, motion to compel. (See ECF No. 69-1 at 9-10; ECF No. 76 at 8-9.) This figure represents 32.4 hours (25.9 + 6.5 hours) of time expended. A portion of the dispute involved matters already raised and decided in the prior motion to compel. (ECF No. 72 at 3 ("the court already ruled the CAD records are discoverable, and the court already ordered their production").) The court considers this fact in ordering that attorney fees be paid. See Fed. R. Civ. P. 37(b).

Reviewing plaintiffs' counsel's declaration, the court deducts 1 hour for an entry that includes review of discovery responses. The court also deducts 5 hours for "Drafting motion for sanctions re county" in August of 2023 because it appears this entry pertains to plaintiff's September 6, 2023, motion for sanctions which was deficiently filed and not re-noticed. (See ECF No. 57.) As to the remaining 26.4 hours expended, the court finds it would be unjust not to apportion expenses and deduct some further time. Although the motion to compel was granted in part as to the requested records showing federal and state funding to the sheriff's office, defendants' position was substantially justified as to the overbroad scope of those requests, which lacked an appropriate time period, and plaintiffs agreed the requests could be narrowed further. The parties were ordered to meet and confer further to narrow the requests or reach a stipulation or admission that would eliminate plaintiffs' need for the requested discovery. (ECF No. 72 at 5.). The court deducts 8 hours for tasks not directly necessitated by the need to file the motion to compel or obstruction by defendants. Defendants are ordered to pay plaintiffs' counsel an additional $7,820.00 for 18.4 hours expended in connection with the February 15, 2023, motion to compel.

////

////

////

5

IV. **Conclusion and Order**

In accordance with the above, IT IS ORDERED as follows:

1. Plaintiffs' request and renewed request for monetary sanctions (ECF No. 68) are granted in part and denied in part.
2. Defendants are ordered to pay plaintiffs' counsel $3,825.00 in attorney fees in connection with the February 15, 2023, motion to compel.
3. Defendants are ordered to pay plaintiffs' counsel an additional $7,820.00 in attorney fees in connection with November 8, 2023, motion to compel.
4. Defendants shall pay these fees to plaintiffs' counsel within 30 days of the date of this order.

Dated: May 6, 2024

_/s/ Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
Doe21cv1438.fee

6