UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA DOE, et al. | No. 2:21-cv-01438-DC-CKD |
| Plaintiffs, | |
| v. | ORDER GRANTING MOTION TO APPOINT PLAINTIFF MARIA DOE AS GUARDIAN *AD LITEM* FOR PLAINTIFF I.D. |
| COUNTY OF SACRAMENTO, et al. | |
| Defendants. | (Doc. No. 102) |

This matter is before the court on Plaintiffs Maria Doe, Clara Doe, and I.D.'s motion for appointment of a guardian *ad litem* and petition for approval of the compromise of a minor. (Doc. No. 102.)[1] Having reviewed the motion, the court finds it suitable for decision on the papers. Accordingly, the court vacates the hearing on the pending motion scheduled for January 17, 2025. For the reasons explained below the court will grant Plaintiffs' request for the appointment of

---

[1] Local Rule 202(a) provides "[u]pon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person" shall move for the appointment of a guardian *ad litem*. The court finds a three-year delay in requesting the appointment of a guardian *ad litem* for a minor plaintiff unacceptable. Plaintiffs' counsel acknowledges he "neglected to present the application until now." (Doc. No. 102 at 8.) Plaintiffs assert Plaintiff I.D. wishes to continue the litigation and "[t]he apparent alternative—dismissal of I.D.'s claims—would not serve the interests of justice." (*Id*. at 9.) The court finds good cause exists to excuse Plaintiffs' untimely request for the appointment of a guardian *ad litem*. Nonetheless, Plaintiffs' counsel is reminded of his obligation to adhere to the Local Rules.

1

Plaintiff Maria Doe as a guardian *ad litem* for Plaintiff I.D. The court will address Plaintiffs' petition for approval of Plaintiff I.D.'s compromise in a separate order that also resolves Defendants' pending motion for a determination of good faith settlement (Doc. No. 106).

Under Rule 17 of the Federal Rules of Civil Procedure, "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian *ad litem*." "The court must appoint a guardian *ad litem*—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). A representative of a minor or incompetent person may sue or defend on behalf of the minor or incompetent person. Fed. R. Civ. P. 17(c).

The appointment of the guardian *ad litem* is more than a mere formality. *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cnty., State of Wash.*, 795 F.2d 796, 805 (9th Cir. 1986). A court shall take whatever measures it deems appropriate to protect the interests of the individual during the litigation. *Id*. The guardian need not possess special qualifications, but he must "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *AT&T Mobility, LLC v. Yeager*, 143 F. Supp. 3d 1042, 1054 (E.D. Cal. 2015) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163–64 (1990)).

In this district, Local Rule 202(a) further provides, in pertinent part:

> Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor . . . the attorney representing the minor or incompetent person shall present . . . a motion for the appointment of a guardian *ad litem* by the Court, or . . . a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person.

L.R. 202(a) (citing Fed. R. Civ. P. 17(c)). Local Rule 202 also requires disclosure of the attorney's interest, specifically requiring the following:

> When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount.

L.R. 202(c).

The decision to appoint a guardian *ad litem* "must normally be left to the sound discretion of the trial court." *30.64 Acres of Land*, 795 F.2d at 804. Fit parents are presumed to act in the best interests of their children. *Troxel v. Granville*, 530 U.S. 57, 66 (2000). However, "if the parent has an actual or potential conflict of interest with [their] child, the parent has no right to control or influence the child's litigation." *Molesky for J.M. v. Carillo*, No. 1:22-cv-1567-ADA-CDB, 2022 WL 17584396, at *1 (E.D. Cal. Dec. 12, 2022) (quoting *Williams v. Super. Ct. of San Diego*, 147 Cal. App. 4th 36, 50 (2007)).

The proposed guardian *ad litem*, Plaintiff Maria Doe, is the mother of Plaintiff I.D. (Doc. 102-3 at ¶ 2.) Plaintiff Maria Doe represents she believes she is the appropriate person to be appointed guardian *ad litem*. (Doc. No. 102-3 at ¶ 4.) Plaintiff Maria Doe states she does not have any conflict of interest with Plaintiff I.D. (*Id*.) Based on the representations in Plaintiff Maria Doe's declaration, and a review of the operative complaint, the court finds no conflicts in Plaintiff Maria Doe's claims and Plaintiff I.D.'s claims. *See J.M. v. Liberty Union High Sch. Dist.*, No. 16-cv-05225-LB, 2016 WL 4942999, at *2 (N.D. Cal. Sep. 16, 2024) ("Generally, when a minor is represented by a parent who is a party to the lawsuit and who has the same interests as the child there is no inherent conflict of interest."). Further, the court finds Plaintiff Maria Doe to be an appropriate guardian *ad litem* for Plaintiff I.D. and the requirements of Local Rule 202(a) have been satisfied.

The motion also meets the requirements of Local Rule 202(c). Counsel Ezra Kautz declares he is a staff attorney at California Rural Legal Assistance Foundation ("CRLAF"), which was retained by Plaintiffs to represent them. (Doc. No. 102-1 at ¶¶ 2, 5.) Counsel Kautz asserts CRLAF did not become involved in this action at the instance of any defendant or any other person aside from Plaintiffs, and CLRAF has no relationship with any of the parties or attorneys in this lawsuit. (*Id*. at ¶ 6.) Further, Counsel Kautz states CRLAF is representing Plaintiffs without charge and CRLAF has the right to seek attorney fees from Defendants where provided by statute. (*Id*. at ¶ 7.) Accordingly, Plaintiffs' request for the appointment of Plaintiff Maria Doe as a guardian *ad litem* for Plaintiff I.D. is granted.

Accordingly:

1. Plaintiff's motion to appoint Plaintiff Maria Doe as guardian *ad litem* for Plaintiff I.D. (Doc. No. 102) is granted; and

2. Plaintiff Maria Doe is appointed to act as guardian *ad litem* for Plaintiff I.D. and is authorized to prosecute the action on her behalf; and

3. The motion hearing set for January 17, 2025, is vacated, to be reset at a later date if the court determines that oral argument is needed.

IT IS SO ORDERED.

Dated:   **January 2, 2025**

Dena Coggins
United States District Judge