UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA DOE, et al.<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SACRAMENTO, et al.<br><br>Defendants. | No. 2:21-cv-01438-DC-CKD<br><br><u>ORDER GRANTING MOTIONS FOR APPROVAL OF THE COMPROMISE OF A MINOR AND FOR GOOD FAITH SETTLEMENT DETERMINATION</u><br><br>(Doc. Nos. 102, 106) |

This matter is before the court on Plaintiffs Maria Doe, Clara Doe, and I.D.'s motion for approval of the compromise of a minor (Doc. No. 102) and Defendants Jagdeep Singh, the Estate of Sushma Giri, and V & N Associates, LLC's motion for good faith settlement determination (Doc. No. 106). Both motions were taken under submission to be decided on the papers pursuant to Local Rule 230(g). (Doc. Nos. 107, 111.)  For the reasons explained below the court will grant both motions.

**BACKGROUND**

In the operative second amended complaint, Plaintiffs allege the following. On May 7, 2018, Defendant Jagdeep Singh and his spouse, Sushma Giri, took title of 5973 Vista Avenue, Sacramento, California ("the Property"). (Doc. No. 32 at ¶ 10.) On May 31, 2018, Defendant Alida Estrada became a tenant of the Property. (Doc. Nos. 32 at ¶ 11; 33 at 53.) In November 2019, Plaintiff Maria Doe entered into an oral lease with Defendant Estrada to rent a unit of the

1

Property. (Doc. No. 32 at ¶ 15.) On or about November 6, 2019, Plaintiff Maria Doe moved into the unit with three of her children, including Plaintiffs Clara Doe and I.D. (*Id*. at ¶ 16.) Soon after the Doe family moved into the unit, they became aware of numerous habitability issues. (*Id*. at ¶ 18.) Plaintiffs reported these issues to Defendant Estrada, but the problems were largely unaddressed. (*Id*. at ¶ 19.)

On January 2, 2020, Sushma Giri passed, and Defendant Singh became the administrator of her estate. (*Id*. at ¶ 10.) On or about March 20, 2020, Defendant Singh transferred his interest in the Property to Defendant V & N Associates, LLC. (*Id*.) Defendants Singh, the Estate of Sushma Giri, and V & N Associates, LLC, are referred to as "the Property Owner Defendants." (*Id*.)

In March 2020, California Governor Gavin Newsom declared a state of emergency due to the spread of COVID-19 and issued various directives regarding the capacity and function of the restaurant industry where Plaintiff Maria Doe worked. (*Id*. at ¶¶ 20, 23–24.) Governor Newsom also issued an executive order authorizing local governments to halt evictions of households who suffered a decrease in income due to COVID-19. (*Id*. at ¶ 25.) On March 24, 2020, the Sacramento County Board of Supervisors adopted an eviction moratorium to prevent the eviction of tenants who owe rent due to COVID-19. (*Id*. at ¶ 28.)

In March 2020, Plaintiff Maria Doe was laid off from her restaurant job due to COVID-19 restrictions and informed Defendant Estrada she would be unable to pay rent for the month of April because she had lost her job. (*Id*. at ¶¶ 29–30.) Defendant Estrada told her she would have until April 8th to move out if she did not pay April rent. (*Id*. at ¶ 30.) On or about April 1, 2020, Defendant Estrada told Plaintiff Maria Doe that because she could not pay the April rent, she would have to move by April 3, sooner than Defendant Estrada had previously stated. (*Id*. at ¶ 31.) In response, Plaintiff Maria Doe handed Defendant Estrada a signed form entitled "Tenant Delay of Rent Payment—COVID-19" that allegedly had been provided to her by "Sacramento Community Development." (*Id*.) Although the form attested to the fact that because Plaintiff Maria Doe had lost income due to COVID-19, she was protected from eviction, Defendant Estrada allegedly told Plaintiff Maria Doe her form was "worthless" and proceeded to turn off the

electricity to the unit two days later. (*Id*. at ¶¶ 31, 33.)

On or about April 4, 2020, Plaintiff Maria Doe called Sacramento County Code Enforcement ("Code Enforcement") to report that Defendant Estrada had "shut off her electricity to make her move out." (*Id*. at ¶ 34.) On April 7, 2020, Code Enforcement contacted Defendants Singh and Estrada. (*Id*. at ¶ 35.) Following the calls from Code Enforcement, Defendant Singh communicated with Defendant Estrada. (*Id*.) Defendant Estrada then confronted Plaintiff Maria Doe to complain about her call to Code Enforcement. (*Id*. at ¶ 36.) Defendant Estrada told Plaintiff Maria Doe that Defendant Singh required her family to leave immediately because Code Enforcement was going to come that week. (*Id*.)

Defendant Estrada threatened to call the police if Plaintiffs did not move out, and she followed through with that threat by calling 911 to complain that Plaintiff Maria Doe refused to move out. (*Id*. at ¶¶ 36, 38.) In response, Defendant Sacramento County Sheriff's Office dispatched Defendant Deputy Darryl Roderick to the Property. (*Id*. at ¶ 39.) Plaintiffs allege Defendant Roderick proceeded to assist Defendant Estrada in coercing them to vacate the unit while refusing to provide Spanish language interpretation for Plaintiff Maria Doe, whose primary language is Spanish and who is not proficient in English. (*Id*. at ¶¶ 42–54.) Hours later, Plaintiffs vacated the unit and were rendered homeless. (*Id*. at ¶¶ 56–58.)

Plaintiffs initiated this lawsuit by filing a complaint on August 11, 2021. (Doc. No. 1.) On April 13, 2022, Plaintiffs filed the operative second amended complaint against the Property Owner Defendants and Defendants County of Sacramento, the Sacramento County Sheriff's Office, Roderick, and Estrada. (Doc. No. 32.) Therein, Plaintiffs bring the following sixteen causes of action: (1) wrongful eviction and conspiracy to wrongfully evict against the Property Owner Defendants and Defendants Estrada and Roderick; (2) violation of the Due Process Clause, 42 U.S.C. § 1983, against Defendant Roderick; (3) *Monell* liability for failure to adopt language access Policy against Defendants County of Sacramento and the Sacramento County Sheriff's Office; (4) *Monell* liability for failure to train against Defendants County of Sacramento and the Sacramento County Sheriff's Office; (5) intentional discrimination in violation of Title VI of the Civil Rights Act, 42 U.S.C. § 1983, against Defendants County of Sacramento and the

3

Sacramento County Sheriff's Office; (6) violation of the Bane Act, Cal. Civ. Code § 52.1, against all Defendants; (7) violation of the Unruh Act, Cal. Civ. Code § 51 against Defendant Roderick; (8) unlawful discrimination in violation of Cal. Gov. Code §§ 11135 and 11139 against Defendants County of Sacramento and the Sacramento County Sheriff's Office; (9) a writ of mandamus pursuant to Cal. Code Civ. Pro. § 1085 against Defendants County of Sacramento and the Sacramento County Sheriff's Office; (10) negligence against Defendants County of Sacramento, the Sacramento County Sheriff's Office, and Roderick; (11) retaliatory eviction in violation of Cal. Civ. Code § 1942.5 against the Property Owner Defendants and Defendant Estrada; (12) breach of the warranty of habitability against Defendant Estrada; (13) untenantability in violation of Cal. Civ. Code §§ 1941 and 1941.1 against the Property Owner Defendants and Defendant Estrada; (14) negligence against the Property Owner Defendants and Defendant Estrada; (15) breach of the covenant of good faith and fair dealing against Defendant Estrada; and (16) breach of the covenant of quiet enjoyment against Defendant Estrada. (*Id*. at 13–27.)

On November 14, 2024, Plaintiffs and the Property Owner Defendants entered into a settlement and release agreement to settle all of Plaintiffs' claims brought against them in exchange for a total settlement amount of $40,000.00. (Doc. Nos. 102-1 at ¶ 9–10; 102-2.) The settlement amount will be divided equally among Plaintiffs, with each Plaintiff receiving $12,000.00, and with Plaintiffs' counsel receiving the remaining $4,000.00 for litigation costs. (Doc. No. 102 at 11.)

Because Plaintiff I.D. is minor, Plaintiffs filed a motion for approval of their compromise with the Property Owner Defendants pursuant to Local Rule 202, which provides "[n]o claim by or against a minor . . . may be settled or compromised absent an order by the Court approving the settlement or compromise." (Doc. No. 102); L.R. 202(b). On December 27, 2024, the Property Owner Defendants filed a motion for a determination by the court of a good faith settlement pursuant to California Code of Civil Procedure section 877.6.[1] (Doc. No. 106.) No opposition was

---

[1] Plaintiffs assert the court has supplemental jurisdiction over their state law claims. (Doc. No. 32 at ¶ 13.) The court agrees, as the court has federal question jurisdiction and is exercising

filed as to either pending motion, and the time in which to file such an opposition has passed.

**LEGAL STANDARDS**

**A.     Approval of the Compromise of a Minor**

This court has a duty to protect the interests of minors participating in litigation before it. *Salmeron v. U.S.*, 724 F.2d 1357, 1363 (9th Cir. 1983). This duty requires a district court to "conduct its own inquiry to determine whether [a] settlement serves the best interests of the minor." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)). In examining the fairness of a settlement of a minor's claims, the Ninth Circuit has held that a district court should focus on "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1181–82.[2]

In addition, the Local Rules of this court require a motion for approval of a proposed minor's compromise to disclose, among other things: (1) the age and sex of the minor; (2) the nature of the causes of action to be settled or compromised; (3) the facts and circumstances out of which the causes of action arose, including the time, place, and persons involved; (4) the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the court to determine the fairness of the settlement or compromise amount; and (5) if the minor has a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the court whether the injury is

---

supplemental jurisdiction over the Plaintiffs' state law claims. "When a district court sits in diversity, or hears state law claims based on supplemental jurisdiction, the court applies state substantive law to the state law claims." *Mason & Dixon Intermodal, Inc. v. Lapmaster Int'l LLC*, 632 F.3d 1056, 1060 (9th Cir. 2011). In the Ninth Circuit, "California Code of Civil Procedure section 877 constitutes substantive law." *Id*.

[2] Plaintiff brings five state law claims against Property Owner Defendants. (Doc. No. 32 at 13, 18, 22, 24–25.) In *Robidoux,* the Ninth Circuit expressly limited its holding to "cases involving the settlement of a minor's federal claims." *Robidoux*, 638 F.3d at 1179 n.2. However, when a court is exercising supplemental jurisdiction over state law claims, courts apply the *Robidoux* standard to all claims. *See A.G.A. v. Cnty. of Riverside*, No. 19-cv-00077-VAP-SP, 2019 WL 2871160, at *3 n. 1 (C.D. Cal. Apr. 26, 2019) (collecting cases).

5

temporary or permanent. *See* L.R. 202(b)(2).

Under Local Rule 202(c), "[w]hen the minor or incompetent is represented by an attorney, it shall be disclosed to the [c]ourt by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount." Local Rule 202 also provides guidelines regarding the disbursement of money to minors. L.R. 202(e). Money or property recovered on behalf of a minor will be: (1) disbursed to the representative pursuant to state law upon a showing that the representative is duly qualified under state law, (2) disbursed otherwise pursuant to state law, or (3) disbursed pursuant to such other order as the court deems proper for the protection of the minor. *Id*.

**B.     Determination of Good Faith Settlement**

Sections 877 and 877.6 of the California Code of Civil Procedure provide that in a case with two or more joint tortfeasors, a tortfeasor may enter into a good faith settlement to discharge their liability in that case and bar future claims. *See Zahnleuter v. Lenhart*, No. 2:20-cv-02492-KJM-KJN, 2023 WL 2899255, at *1 (E.D. Cal. Mar. 6, 2023) ("Under California Code of Civil Procedure sections 877 and 877.6, a court may discharge a settling party from future liability in a case "in which it is alleged that two or more parties are joint tortfeasors.") (citing Cal. Civ. Proc. Code § 877.6(a)(1)). Specifically, "[a] determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault." Cal. Civ. Proc. Code § 877.6(c).

For the purposes of this statute, a settlement is made in good faith if it is within a "reasonable range" of the settling tortfeasor's proportionate share of liability to the plaintiff. *Tech-Bilt, Inc. v. Woodward-Clyde & Assocs.*, 38 Cal. 3d 488, 499 (1985). In *Tech-Bilt*, the California Supreme Court adopted the "reasonable range" test and outlined several factors that

1   courts must consider when an application for a determination of a good faith settlement is
2   contested. *Id*. at 492–502. However, when an application for a good faith settlement
3   determination is not opposed, both California and federal district courts "have found
4   consideration of [the *Tech-Blit*] factors unnecessary." *Spitzer v. Aljoe*, No. 13-cv-05442-MEJ,
5   2015 WL 6828133, at *4 (N.D. Cal. Nov. 6, 2015) (collecting cases); *see also City of Grand*
6   *Terrace v. Superior Ct.*, 192 Cal. App. 3d 1251, 1261 (1987).

## DISCUSSION

The court finds the settlement of minor Plaintiff I.D.'s claims against the Property Owner Defendants to be fair and reasonable. The proposed settlement agreement provides that Plaintiff I.D. will receive $12,000 of the $40,000 amount offered to settle Plaintiffs' claims brought against the Property Owner Defendants. (Doc. No. 102 at 11.) Plaintiffs provide the information required by Local Rule 202(b) and (c), namely Plaintiff I.D.'s age and sex, the nature of the causes of action to be settled against the Property Owner Defendants, the facts out of which the causes of action arose, the manner in which the settlement amount was determined, and details regarding the terms of employment of plaintiffs' attorneys in this action. (Doc. No. 102 at 8–12.).

In their motion for approval, Plaintiffs state "[a]lthough this case [is] unique in many ways, Plaintiffs' counsel conducted research of verdicts and settlements reported in Westlaw relating to substandard living conditions and wrongful eviction." (Doc. No. 102 at 11.) However, Plaintiffs do not cite examples of recoveries in similar cases demonstrating the suitability of the settlement amount in this case. Nevertheless, based on the court's own independent research, the settlement amount of $12,000 is sufficiently similar to minor's compromises that have been approved in similar cases involving substandard living conditions and wrongful eviction. *See Doe v. Lincoln Military Prop. Mgmt. LP*, No. 20-cv-00224-GPC-AHG, 2020 WL 5587488, at *6 (S.D. Cal. Sep. 18, 2020) (finding minor plaintiffs' recovery of $19,793.29 and $1,277.04 for injuries sustained for exposure to black mold and other toxic chemicals at a leased property fair and reasonable); *Pack v. Fort Wash. II*, No. 08-cv-00177-DLB, 2010 WL 653853, at *1–2 (E.D. Cal. Feb. 22, 2010) (approving settlement of $8,000 for minor plaintiffs claims of housing discrimination and being "forced to move during the 2005 holiday season"); *Brown v. Perris Park*

7

1   *Apts.*, No. 17-cv-02487-JGB-SP, 2019 WL 9044601, at *3 (C.D. Cal. Dec. 12, 2019) (finding a
2   recovery of $2,500 each for three minor plaintiffs and $10,000 for two other minor plaintiffs
3   appropriate settlement amounts for defendants' attempts to evict their families).

4       Further, Plaintiffs provide multiple reasons why a recovery of $12,000 for Plaintiff I.D. is
5   fair and reasonable, all of which the court finds persuasive. First, Plaintiffs assert the settlement is
6   fair given there was no physical injury and the relatively short amount of time, approximately five
7   months, that Plaintiffs lived in the unit. (Doc. No. 102 at 11.) Next, Plaintiffs assert they "are far
8   from assured of establishing any liability whatsoever against the Property Owner Defendants"
9   because there is no "smoking gun" to prove that the Property Owner Defendants were aware of
10  Defendant Estrada's plan to evict Plaintiffs. (*Id*. at 11–12.) Additionally, Plaintiffs note
11  settlements for wrongful eviction from a non-rent-controlled apartment are highly variable, and
12  settlement will provide meaningful compensation to Plaintiffs and allow them to focus their
13  resources on the claims they have against other defendants. (*Id*. at 12.)

14      Next, the court must determine whether the disbursement of the proposed settlement is
15  appropriate under Local Rule 202(e). Plaintiffs aver the $12,000 will be deposited in a blocked
16  account and Plaintiff I.D. will have access to the full amount when she turns eighteen. (Doc. Nos.
17  102-1 at ¶ 10; 102-3 at ¶ 6.) The court finds that the proposed disbursement plan is appropriate
18  and serves the best interest of Plaintiff I.D. *See Dumas v. City of Elk Grove*, No. 2:09-cv-01573-
19  GEB-JFM, 2012 WL 2116390, at *1 (E.D. Cal. June 6, 2012) (structuring payments to minors
20  into fixed annuities in blocked accounts payable on their 18th birthdays); *Williams v. Cnty. of
21  Monterey*, No. 19-cv-01811-BLF, 2020 WL 7342737, at *1–2 (N.D. Cal. Dec. 14, 2020)
22  (collecting cases to show "district courts within the Ninth Circuit commonly order that such funds
23  be deposited into a blocked account for the minor's benefit."). As such, the method of
24  disbursement of funds satisfies Local Rule 202(e). Accordingly, the court will grant Plaintiffs'
25  motion for approval of the compromise of a minor.

26      The court next turns to the Property Owner Defendant's unopposed motion for a good
27  faith settlement determination. Because the motion is not opposed, the court need not consider the
28  *Tech-Blit* factors. The court has nonetheless reviewed the motion and the attached declaration by

8

counsel for the Property Owner Defendants and finds the settlement was made in good faith. Accordingly, the court will grant the motion for a good faith settlement determination.

## CONCLUSION

For the reasons explained above:

1. Plaintiffs Maria Doe, Clara Doe, and I.D.'s motion for approval of the compromise of a minor (Doc. No. 102) is GRANTED;

2. Defendants Jagdeep Singh, V & N Associates, LLC, and the Estate of Sushma Giri's motion for good faith settlement determination (Doc. No. 106) is GRANTED; and

3. The parties shall file dispositional documents as to Plaintiffs' claims against Defendants Jagdeep Singh, V & N Associates, LLC, and the Estate of Sushma Giri by no later than fourteen (14) days from the date of entry of this order.

IT IS SO ORDERED.

Dated: **February 7, 2025**

Dena Coggins
United States District Judge

9